UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 134.16.45.238,<br><br>Defendant. | Case No. 26-cv-03487-EMC<br><br>**ORDER GRANTING PLAINTIFF'S APPLICATION FOR LEAVE TO SERVE THIRD-PARTY SUBPOENA**<br><br>Docket No. 7 |

Plaintiff Strike 3 Holdings, LLC has sued Defendant John Doe for copyright infringement. According to Strike 3, John Doe has infringed 27 of Strike 3's adult motion pictures using BitTorrent protocol. Currently pending before the Court is Strike 3's ex parte application for leave to serve a third-party subpoena prior to a Rule 26(f) conference.

The Court has reviewed the application, the supporting declarations, and the complaint. Based on these materials, the Court finds Strike 3 has sufficiently established that it is entitled to the early discovery requested which will enable it to determine the true name and address of John Doe. The Court, however, takes this opportunity to endorse the decision of Judge Seeborg in *Strike 3 Holdings, LLC v. Doe*, No. 23-cv-04339-RS, 2023 U.S. Dist. LEXIS 169496, at *1 (N.D. Cal. Sept. 22, 2023) (noting, *e.g.*, that "many have raised concerns that Strike 3 is effectively extorting account owners through the many lawsuits it brings, because defendants are embarrassed into settling – even if they are innocent"). This Court's rulings below are consistent with Judge Seeborg's decision. *See also Strike 3 Holdings, LLC v. Doe*, No. 26-cv-01466-EJD, 2026 U.S. Dist. LEXIS 57179 (N.D. Cal. Mar. 28, 2026) (making points similar to those in Judge Seeborg's decision).

Finally, the Court notes that, although it is authorizing Strike 3 to take the discovery requested, it is not precluding John Doe from filing a 12(b)(6) motion to dismiss nor is it prejudging any such motion.  The Court also advises Strike 3 that, upon obtaining the name and address of John Doe, it has a Rule 11 obligation to determine whether to proceed with the lawsuit and, in that regard, it should be mindful of the Ninth Circuit's decision in *Cobbler Nevada, LLC v. Gonzales*, 901 F.3d 1142, 1144 (9th Cir. 2018) (stating that "a bare allegation that a defendant is the registered subscriber of an Internet Protocol ('IP') address associated with infringing activity is [in]sufficient to state a claim for direct or contributory infringement").

Accordingly, it is hereby ORDERED as follows:

1.      Strike 3 has established that good cause exists to serve a third-party subpoena on Spectrum (the "ISP").  Strike 3's motion is therefore granted.

2.      Strike 3 may serve the ISP with a Rule 45 subpoena commanding the ISP to provide Strike 3 with the true name and address of John Doe to whom the ISP assigned an IP address as set forth in Exhibit A to the Complaint.  Strike 3 shall attach a copy of this Order to any such subpoena **and** a copy of Judge Seeborg's decision.

3.      If the ISP qualifies as a "cable operator," as defined by 47 U.S.C. § 522(5), then it shall comply with 47 U.S.C. § 551(c)(2)(B) by sending a copy of this Order to John Doe.

4.      Strike 3 shall also request the ISP forward a copy of this Order to the subscriber, regardless of whether the ISP qualifies as a cable operator.  If the ISP declines, Strike 3 shall serve a copy of this Order on John Doe simultaneous to or before any other service or communication to John Doe.   Strike 3 must file a copy of its request to the ISP on the docket.  Alternatively to the other requirements in this paragraph, Strike 3 may file an affidavit that it attests the ISP has forwarded this Order to John Doe before attempting to serve or communicate with John Doe.

5.      Strike 3 may only use the information disclosed in response to a Rule 45 subpoena served on the ISP for the purpose of protecting and enforcing Strike 3's rights as set forth in its Complaint.  Specifically, Strike 3 must not publicly disclose the information obtained based on this subpoena without leave of the Court – at least until John Doe has had an opportunity to file a motion to proceed anonymously, or further discovery has been taken.  All references to John

United States District Court
Northern District of California

2

Doe's identity must be redacted and filed under seal until further notice.

6. Strike 3 must first file an affidavit confirming it proposed confidentiality to John Doe, as it has represented it would. This filing must contain the relevant communications concerning any proposed agreement, e.g., copies of emails related to confidentiality, or descriptions of conversations with Defendant.

7. Spectrum, and/or any other ISP that receives a subpoena pursuant to this Order, must preserve any subpoenaed information pending the resolution of any timely filed motion to dismiss.

**IT IS SO ORDERED**.

Dated: May 21, 2026

_____
EDWARD M. CHEN
United States District Judge

United States District Court
Northern District of California

3